Argued and submitted April 7, affirmed May 12, 1993

In the Matter of Connie M. Belli,
Alleged to be a Mentally Ill Person.

STATE OF OREGON,
*Respondent,*

*v.*

Connie M. BELLI,
*Appellant.*

(92-016CF; CA A75244)

852 P2d 238

Steven H. Gorham, Salem, argued the cause and filed the brief for appellant.

Paul Migchelbrink, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Michael D. Reynolds, Assistant Attorney General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

An alleged mentally ill person (appellant) appeals the trial court's determination that she should be committed to the Mental Health Division. Her only contention on appeal is that the court erred in determining that there was clear and convincing evidence that she is a "mentally ill person" within the meaning of ORS 426.005. We affirm.

ORS 426.005(2) provides, in part:

" 'Mentally ill person' means a person who, because of a mental disorder, is one or more of the following:

"(a) Dangerous to self or others.

"(b) Unable to provide for basic personal needs and is not receiving such care as is necessary for health or safety.

"(c) A person who:

"(A) Is chronically mentally ill, as defined in ORS 426.495;

"(B) Within the previous three years, has twice been placed in a hospital or approved inpatient facility by the division under ORS 426.060;

"(C) Is exhibiting symptoms or behavior substantially similar to those that preceded and led to one or more of the hospitalizations or inpatient placements referred to in subparagraph (B) of this paragraph; and

"(D) Unless treated, will continue, to a reasonable medical probability, to physically or mentally deteriorate so that the person will become a person described under either or both paragraph (a) or (b) of this subsection."

Appellant contends that the record is devoid of competent evidence that she is either unable to provide for her basic personal needs, ORS 426.005(2)(b), or that she is a danger to herself. ORS 426.005(2)(a). She is correct. The evidence does not establish that she *presently* meets either criteria. However, the trial court did not enter its order on the basis of those provisions. Instead, the court relied on the *expanded* criteria of ORS 426.005(2)(c) in determining that appellant should be committed.

ORS 426.005(2)(c) does not require that the person be presently dangerous or unable to provide for basic needs. It provides an independent basis for commitment based on four

criteria. On *de novo* review, we find that those criteria have been satisfied.

First, appellant must be chronically ill under ORS 426.495, which provides that the alleged mentally ill person must be over 18 years of age and diagnosed with a chronic mental illness other than one caused by substance abuse. Appellant is over 18. The mental health investigator diagnosed her as suffering from a chronic bipolar disorder, manic type, which he classified as a chronic major affective disorder.

Second, appellant must have been hospitalized twice within the last three years under ORS 426.060 (the involuntary commitment procedure in this case). The commitment hearing in this case took place on May 8, 1992. The investigator reported that appellant had been involuntarily committed to the Eastern Oregon Psychiatric Facility, a state hospital, in October, 1990, March, 1991, and October, 1991. Thus, appellant has been hospitalized three times within the last two years.

Third, appellant must exhibit symptoms or behavior similar to those which led to at least one of the hospitalizations. The investigator who had participated in each of appellant's three previous civil commitments described her recent behavior as being much like the behavior that had preceded her earlier commitments. He also testified that appellant had been exhibiting symptoms of her bipolar disorder. We find that she was exhibiting symptoms and behavior similar to those which led to her earlier commitments.

Finally, and most significantly, there must be a "reasonable medical probability" that appellant would continue to deteriorate, until she became dangerous to herself or others or unable to meet her basic needs. Appellant has a history of discontinuing her medication when she is released into the community. In the past, when she has not used her medication, her mental condition has deteriorated to the point that she has required involuntary commitment. The record shows that this pattern has repeated itself once again. The investigator testified that appellant had been exhibiting symptoms of her bipolar disorder and that, without lithium treatments, she would continue to deteriorate to the point where she would be dangerous to herself or others. Although

he did not believe that appellant would intentionally harm anyone, he expressed concern about her judgment and stated that, without medication, she could accidentally harm herself, other people, or property.

We find that each of the four criteria of ORS 426.005 (2)(c) has been satisfied.

Affirmed.