212 June 3, 2026 No. 479

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of T. L.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

T. L.,
*Appellant.*

Clackamas County Circuit Court
24CC02888; A184520

Susie L. Norby, Judge.

Submitted April 1, 2025.

Liza Langford filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and

Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

This is an appeal from a judgment involuntarily committing appellant as a "person with mental illness" under the expanded criteria for commitment of those with a "chronic mental illness" provided for in *former* ORS 426.005(1)(f) (2023), *renumbered by* Or Laws 2025, ch 559, § 4.[1] Appellant challenges whether his prior commitments can be considered as bases for his commitment under the expanded criteria and further challenges whether the other bases for an expanded criteria commitment are met on this record. Because the plain language of the text in context does not support appellant's argument as to use of his prior commitments and because the facts, as found by the trial court, were sufficient to establish that appellant was a person with mental illness under the expanded criteria, we affirm.

A court may involuntarily commit a "person with mental illness" for a period not to exceed 180 days. ORS 426.130(3). To justify that involuntary commitment, the state must prove by clear and convincing evidence that the person has a mental disorder and that, because of that disorder, the person is a danger to self or others, or is unable to meet their basic needs, or satisfies the expanded criteria for commitment of those with a "chronic mental illness." ORS 426.130; ORS 426.131; *former* ORS 426.005(1)(f); *State v. E. D.*, 264 Or App 71, 73, 331 P3d 1032 (2014). Here, the trial court concluded that appellant met the expanded criteria for commitment of those with a chronic mental illness.

Under the expanded criteria in *former* ORS 426.005(1)(f)(C),[2] a "person with mental illness" means a person "who, because of a mental disorder, is * * * [a] person":

"(i)  With a chronic mental illness, as defined in ORS 426.495;

"(ii)  Who, within the previous three years, has twice been placed in a hospital or approved inpatient facility

---

[1] Appellant's commitment occurred in 2024, and we cite to the version of *former* ORS 426.005(1)(f) in effect at that time throughout this opinion.

[2] After the legislature's 2025 amendments, what remains of this statute is now codified under ORS 426.131 and only incorporates sub-subparagraphs (i) and (ii) of *former* ORS 426.005(1)(f)(C). *See* ORS 426.131(5).

by the [Oregon Health Authority] or the Department of Human Services under ORS 426.060;

"(iii)   Who is exhibiting symptoms or behavior substantially similar to those that preceded and led to one or more of the hospitalizations or inpatient placements referred to in sub-subparagraph (ii) of this subparagraph; and

"(iv)   Who, unless treated, will continue, to a reasonable medical probability, to physically or mentally deteriorate so that the person will become a person described under either subparagraph (A) or (B) of this paragraph or both."[3]

For expanded criteria determinations, unless we exercise our discretion to review *de novo*, "we view the record in the light most favorable to the trial court's determination and review the evidence, as supplemented and buttressed by permissible derivative inferences, to assess whether, when so viewed, the record was legally sufficient to permit a rational factfinder to reach that same outcome." *State v. T. Z.*, 287 Or App 8, 9, 401 P3d 1265 (2017).[4] We state the facts considering that standard.

Appellant, a sixty-six-year-old veteran at the time of the hearing, suffers from schizoaffective disorder. On May 15, 2024, he drove to the Canby Police station, parked directly in front of the gate, and attempted to use the outside call box. Officers approached appellant and called Leonard, a behavioral health specialist with the Canby Police Department who was familiar with appellant from previous interactions. Leonard attempted to approach appellant, but appellant presented as confused, agitated, and unable or unwilling to communicate. When Leonard asked appellant if he wanted to go to the hospital, appellant clenched his fists and approached Leonard "in a threatening posture." Eventually, he repeated, "I'll kill you all" while clenching his fists, and he was later hospitalized at Leonard's direction.

---

[3]   Subparagraphs (A) and (B) include a person who, because of a mental disorder, is "[d]angerous to self or others" or "[u]nable to provide for basic personal needs that are necessary to avoid serious physical harm in the near future, and is not receiving such care as is necessary to avoid such harm," respectively. *Former* ORS 426.005(1)(f)(A), (B).

[4]   Neither party has requested *de novo* review, and we conclude that this case does not warrant it. *See* ORAP 5.40(8) (The court will exercise its discretion to review *de novo* "only in exceptional cases.").

The state sought to commit him, advancing theories on all the bases provided for under the statute: danger to self or others, inability to care for himself, and the expanded criteria.

Relying on the testimony of three mental health care workers familiar with appellant's history and current needs, the trial court found that appellant was a person with mental illness under the expanded criteria of *former* ORS 426.005(1)(f)(C) and committed him on that basis for 180 days.

Appellant was previously committed in December 2022, May 2023, and February 2024. The three mental health care workers testified that his symptoms prior to each commitment included severe agitation, loud speech, and delusional and disorganized cognition. Leonard, who had been familiar with appellant for about eight years, testified that appellant's current symptoms—disorganization, delusion, and increased agitation, among others—resembled those that led to his past civil commitments. Gird, the mental health investigator from appellant's December 2022 and May 2023 commitments, similarly testified that, when appellant decompensated, he exhibited "[s]evere agitation, very high levels of volume in his speech, garbled and pressured speech, delusion content, [and] *** disorganization in his cognition." Aatlo, another mental health investigator from appellant's February 2024 commitment, testified that appellant had the "same symptom presentation, but to a significantly lesser degree[.]" Both Leonard and Gird opined that, without treatment, appellant would continue to decompensate to the point where he would be a danger to others and be unable to meet his basic needs.

None of those prior commitments was based on danger to self or others. The February 2024 commitment was based solely on the expanded criteria, but the record is unclear whether the other two were based on the expanded criteria or inability to meet basic needs.

We first address appellant's argument that previous commitments under the expanded criteria may not qualify as previous commitments for purposes of a further

expanded criteria commitment under *former* ORS 426.005(1)(f)(C)(ii). To address that question of statutory interpretation, we examine the text and context to discern the intent of the legislature. ORS 174.020(1) - (3); *State v. Gaines*, 346 Or 160, 171-172, 206 P3d 1042 (2009).[5] Analyzing the plain text of the statute in its context, we conclude that previous expanded criteria commitments under subparagraph (C) may satisfy sub-subparagraph (ii).

That sub-subparagraph provides that a person "[w]ho, within the previous three years, has twice been placed in a hospital or approved inpatient facility by the authority of the Department of Human Services under ORS 426.060," qualifies as a person with mental illness, presuming they meet the other three criteria in the statute. *Former* ORS 426.005(1)(f)(C)(ii). A person can be committed—and thereafter hospitalized—if they are found to be a "person with mental illness." ORS 426.130(1)(a)(C); ORS 426.060(2)(a). A "person with mental illness" includes a person who, because of a mental disorder, is a danger to self or others or unable to care for their basic needs under *former* ORS 426.005(1)(f)(A) to (B)—but it also includes a person with a chronic mental illness who satisfies the expanded criteria under *former* ORS 426.005(1)(f)(C). In other words, the criterion requiring two hospitalizations in the past three years, by its text, includes hospitalizations that resulted from a commitment based on the expanded criteria. The state thus was not required to prove that the two recent hospitalizations resulted from commitments based on dangerousness or basic needs. To apply such a limitation would require us to read terms into the statute. *See generally* ORS 174.010 (providing that courts are to "ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted"). Because the language of the statute is plain, we conclude that previous commitments under the expanded criteria may meet the requirements of *former* ORS 426.005(1)(f)(C)(ii).

We next address appellant's challenges to the sufficiency of the evidence under sub-subparagraphs (iii) and (iv) to

---

[5] Neither party supplied this court with legislative history, so we do not consider it. ORS 174.020(3).

support his commitment under *former* ORS 426.005(1)(f)(C). To satisfy sub-subparagraph (iii), the state must prove that the appellant is, at the time of the commitment hearing, "exhibiting symptoms or behavior substantially similar to those" from at least one prior commitment that "preceded and led to" that commitment. *See T. Z.*, 287 Or App at 13-14. Under sub-subparagraph (iv), the state must prove that, without treatment, the appellant "will continue, to a reasonable medical probability, to physically or mentally deteriorate so that the person will become a person" who is either dangerous to himself or others or unable to meet his basic needs. *Former* ORS 426.005(1)(f)(C).

We conclude that the state presented sufficient evidence of the similarity of appellant's symptoms to those that led to his prior commitments and that, without treatment, appellant would, to a reasonable medical certainty, deteriorate until he was dangerous to himself or others or unable to meet his basic needs. Thus, viewing the foregoing evidence in the light most favorable to the trial court's determination, we conclude that the record was legally sufficient to permit a rational factfinder to find that the state proved appellant was a person with a mental illness by clear and convincing evidence. *See State v. Belli*, 120 Or App 94, 96-98, 852 P2d 238 (1993) (concluding, on *de novo* review, that the testimony of one mental health investigator was sufficient to support involuntary commitment where he described the appellant's present symptoms as being "much like the behavior that had preceded her earlier commitments," and opined that there was a reasonable medical probability that she would deteriorate because of her pattern of discontinuing medication upon release).

Affirmed.